UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:90-cr-00025-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **LEROY RAGIN,** | ) | |
| Defendant(s). | ) | |

**THIS MATTER** is before the court on defendant's "affidavit of Lack of Attorney Client Relationship" (#69). In that pleading, defendant appears to take issue with the quality of representation he received during the disposition of his Supervised Release Violation. Review of the pleadings reveals, however, that defendant has appealed the court's Judgment on the SRV violation and that such appeal, No. 12-4961, remains pending before the Court of Appeals for the Fourth Circuit.

Insofar as defendant is attempting to collaterally challenge his conviction through such "affidavit," a motion to vacate sentence will generally not be heard where direct appeal of the conviction is pending, except in "exceptional circumstances." <u>Bowen v. Johnston</u>, 306 U.S. 19, 26-27 (1939). Dissatisfaction with services of counsel is not an exceptional circumstance.

To the extent defendant seeks collateral relief in such pleading, the court will deny the relief sought without prejudice. If defendant seeks new appellate counsel, he should file a motion to such effect enumerating the reasons he believes his appointed counsel on appeal should be relieved.

## ORDER

**IT IS, THEREFORE, ORDERED** that to the extent defendant seeks collateral relief from the Judgment in his "Affidavit of Lack of Attorney Client Relationship" (#69), such request is **DENIED** without prejudice.

Signed: January 25, 2013

Max O. Cogburn Jr.
United States District Judge